COMMONWEALTH *vs.* EBENEZER GRIFFIN & another.

In an indictment against two or more, it is generally true, that the charge is several as well as joint; so that if one is found guilty, judgment may be rendered against him, although one or more may be acquitted: To this rule, there are exceptions, as in cases of conspiracy or riot, to which the agency of two or more is essential; but violations of the license law, not being within the reason of these exceptions, come under the general rule.

An allegation, in an indictment, that the offence therein charged was committed on a certain specified " day of September *now past*," is not stated with sufficient certainty.

THE defendants, Ebenezer Griffin and Nathan Brown, were tried before *Mellen*, J., in the court of common pleas, cn an

----

* See act of 1851, *c.* 87.

indictment charging them jointly with violations of the first and second sections of the Rev. Sts. *c.* 47. The indictment contained four counts. The second count alleged that the defendants, " on the tenth day of September *now past*, did sell," &c. In all the counts, except the first, which charged the defendants with the offence of being common sellers, it was alleged, that the defendants did sell certain specified quantities of spiritous liquor, to the several persons therein mentioned, " to be used in and about their shop," &c.

The jury returned a verdict of not guilty as to Brown, and a verdict of guilty against Griffin, on all the counts.

Griffin thereupon moved in arrest of judgment : —

1. Because, the indictment having charged a joint offence, the jury have neither acquitted nor convicted him of the offence set forth in the indictment.

2. Because no verdict has been returned on the issue between the commonwealth and this defendant.

3. Because it does not appear when the offence charged ir the second count was committed.

4. Because the indictment charges a joint sale, and the jury have found that the sales were made by one only.

5. Because the several sales alleged in the indictment are charged to have been made in the shop of the two defendants, whereas the jury, by acquitting one of them, must have found that the shop was kept and occupied in the separate business of the other.

The presiding judge overruled the motion in arrest, and the defendant alleged exceptions.

*J. C. Wolcott*, for the defendant.

*Clifford*, attorney general, for the commonwealth.

BY THE COURT. The indictment against the two defendants was for a violation of the license law, (Rev. Sts. *c.* 47, §§ 1, 2,) in being common sellers, and in selling specified quantities of liquor to be drunk on their premises. On the trial, one of the defendants was found guilty, and the other not guilty. A motion was then made in arrest of judgment, on the ground, that the indictment charged a joint offence.

and one of the defendants being found not guilty, that no joint offence was proved.

We take the general rule to be, that in every indictment against two or more, the charge is several as well as joint; n effect, that each is guilty of the offence charged; so that if one is found guilty, judgment may be passed on him, although one or more may be acquitted. There may be exceptions, as in case of conspiracy and riot, and perhaps some others, when the agency of two or more is of the essence of the offence. Violations of the license law are not within the reason of these exceptions, and must therefore be governed by the general rule.

Upon the third cause stated in the motion in arrest of judgment, the court are of opinion, that no judgment can be rendered on the second count; because it does not allege, with sufficient certainty, when the offence was committed. It alleges the act to have been done on a day of September *now past.* This does not, in terms, or by reference, state any year, and it is not sufficiently certain for an indictment.

*Exceptions overruled to the first, third and fourth counts, and judgment arrested on the second.*